**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DUSTIN COREY, and
DONALD TAYLOR,

     Plaintiffs,     Case No. 25-cv-02162-SPM

v.

CJ EASTER,
OFFICER BURNETT,
BENTON POLICE DEPARTMENT, and
FRANKLIN COUNTY SHERIFF'S
DEPARTMENT,

     Defendants.

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff's Dustin Corey and Donald Taylor bring this action pursuant to 42 U.S.C. §1983 for violations of the Fourth and Fifth Amendments in connection with a warrantless search of property owned by Plaintiff Taylor and Plaintiff Corey and the subsequent arrest of Plaintiff Corey. Along with the Complaint, both Plaintiffs have filed Motions for leave to proceed *in forma pauperis* (IFP). (Doc. 2, 10). Plaintiff Corey then filed a Motion to Add Defendants, a Motion for Status, a Motion for Temporary Restraining Order and Preliminary Injunction, and a Motion for Leave to File an Amended Complaint. (Doc. 12, 14, 15, 16). These Motions are currently before the Court.

### MOTIONS FOR LEAVE TO PROCEED IFP

"[I]n order to ensure that indigent litigants have meaningful access to the federal courts," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), the IFP statute, 28 U.S.C. § 1915(a), permits the Court to authorize a plaintiff to initiate a lawsuit without prepaying the full filing fee of $405. In

determining a plaintiff's ability to pay court costs, courts in this district, at minimum, will review the plaintiff's motion and IFP affidavit, which "sets forth information to establish that [the plaintiff is] unable to pay the fees and costs." SDIL-LR 3.1(b)(1). Proceeding IFP is a privilege, and the Court depends on a "plaintiff's honesty in assessing [his] ability to pay." *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014); *see also, e.g., Effinger v. Monterrey Sec. Consultants*, 546 F. Supp. 3d 715, 717 (N.D. Ill. 2021) ("To quality for IFP status, a plaintiff must fully disclose [his] financial condition, and [he] must do so truthfully under penalty of perjury."). "To prevent abuse through the filing of false claims of indigency, the [IFP] statute is guarded by a severe sanction: if 'the allegation of poverty is untrue' then 'the court shall dismiss the case.'" *Palmer v. Dollar Tree*, No. 10 C 7340, 2012 WL 4795720, at *2 (N.D. Ill. Oct.9, 2012) (quoting 28 U.S.C. § 1915(e)(2)(A)). Here, while it is not clear that the allegation of poverty is untrue, Plaintiffs have made false and incomplete statements in their IFP affidavits.

In Plaintiff Corey's IFP affidavit (Doc. 2), he states that he is incarcerated at Franklin County Jail, although he does not provide a copy of his trust fund account statement or institutional equivalent. *See* SDIL-LR 3.1(b)(2). Corey also attests that he currently has no wages, and he has not received income from any other source in the last twelve months. Corey claims that he does not have any cash in a checking or savings account, and he does not own any property, including an automobile. This information, however, is contradicted by the Complaint filed at the same time as his Motion and IFP affidavit. In the Complaint, Corey provides a residential address for himself, not the address of the Franklin County Jail.[1]  He also asserts that he was employed at T & T Carbide at the time of his arrest on October 30, 2025, which was only two months prior to initiating this lawsuit on December 9, 2025. Corey states that as of October 30, 2025, he owned an RV, and the

---

[1] On February 9, 2026, Plaintiff Corey provided the Court with a Notice of Change of Address. (Doc. 13). In the Notice, he states that he has been released from custody at the Franklin County Jail, and the new address he provides the Court is the same residential address indicated in the Complaint. (*See* Doc. 1, p. 1).

RV was allegedly damaged by Defendants during the warrantless search. (Doc. 1).

Likewise, there are discrepancies between details provided by Plaintiff Taylor in his IFP affidavit and the Complaint. In his affidavit, Taylor indicates that he too is incarcerated and has not had three or more civil actions dismissed under 28 U.S.C. §1915(g). But he does not provide the name of the institution where he is housed, and he does not provide a copy of his trust fund account statement or institutional equivalent. Taylor also asserts that he receives $349 in wages per month but does not list the name or address of his employer. He writes that his "wife does building," and though unclear, it appears that she receives rent from property. (Doc. 10). Taylor also states that his wife pays the monthly expenses, such as housing costs and utilities. In the Complaint, however, a residential address is provided for Taylor, and he states that he is the owner of the building that incurred $100,000 in damage due to Defendants' alleged conduct. Taylor also asserts that Plaintiff Corey was his tenant at the time of the warrantless search of his building on October 30, 2025.

Because Plaintiffs provided incomplete answers and failed to disclose assets – Plaintiff Corey income from previous employment and ownership of an RV, and Plaintiff Taylor ownership of a building from which he collects rent and the income and resources of his spouse[2] – the Court cannot accurately determine whether Plaintiffs are too poor to prepay the filing fee. Nor can the Court conclude from the record that such omissions were deliberate and that Plaintiffs intended to deceive the Court. 28 U.S.C. §1915(e)(2); *Thomas v. General Motors Acceptance Corp.*, 288 F. 3d 305, 306 (7th Cir. 2002) (when an allegation of poverty is false, the court has no choice but to dismiss the suit); *Holly v. Wexford Health Services, Inc.,* 339 F. App'x 633, 636 (7th Cir. 2009) (finding that if the plaintiff had lied in his fee petition then the court must dismiss the case);

---

[2] *See e.g. McWilliams v. City of Chi.,* No. 14 C 3902, 2014 WL 12965750 (N.D. ll. Sept. 15, 2014) ("courts regularly consider financial contributions and support provided by relatives or other interested persons to IFP petitioners when evaluating their applications").

*Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) (affirming dismissal based on incarcerated plaintiff's concealment of a $1,400 trust account, which the court considered a "deliberate, material lie"). The Motions to Proceed IFP are therefore **DENIED without prejudice** at this time. (Doc. 2, 10). On or before **April 30, 2026,** Plaintiffs shall pay the full filing fee of $405.00 or each refile motions to proceed IFP. Plaintiffs are further **ORDERED** to **SHOW CAUSE** in writing on or before **April 30, 2026**, why this case should not be dismissed for failure to disclose financial information when seeking leave to proceed IFP. 28 U.S.C. §1915(e)(2); *Roberston v. French,* 949 F. 3d 347, 352 (7th Cir. 2020) ("dismissal is proper only if the prisoner deliberately misrepresents his assets").

### MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Dustin Corey has filed a motion seeking a temporary restraining order (TRO) and preliminary injunction enjoying enforcement of his current pretrial release conditions, including home confinement, GPS monitoring, and zero-tolerance restrictions. (Doc. 15). He asserts that the pretrial release conditions were imposed based on fabricated evidence and statements he made because of threats and coercive conduct by Defendants.

The Motion for a TRO and Preliminary Injunction is **DENIED**. (Doc. 15). The Court cannot grant preliminary relief because "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x. 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)); *see Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (holding that because "[s]ervice of process was never complete," the district court "lacked personal jurisdiction over the defendants" and was therefore "without jurisdiction to enter [a] preliminary injunction"). Plaintiff Corey is asking this Court to enjoin actions by the state court. In the

Complaint, however, Plaintiffs Corey and Taylor's claims, under Section 1983, arise from a warrantless search of Plaintiffs' property and wrongful arrest of Plaintiff Corey, not any of the subsequent state court prosecutions themselves. The sole defendants named in the Complaint are individual police officers, Easter and Burnett, the Benton Police Department, and the Franklin County Sheriff's Department for a warrantless search and subsequent arrest. Thus, emergency injunctive relief issued against the state court would be outside the scope of this lawsuit.

Furthermore, under the *Younger* doctrine, the Court is prevented from intervening in state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris,* 401, U.S. 37, 53-54 (1971). Plaintiff Corey argues that such extraordinary circumstances exist here. He contends that his prosecution is motivated by bad faith, as the charges are based on fabricated evidence and coerced statements. Plaintiff also contends that the state court process is incapable of addressing any constitutional violations, and he will suffer immediate and irreparable harm as he continues to remain under pretrial restraint based on tainted evidence. Other than assertions, Plaintiff Corey has not presented any evidence to support his conclusion of bad faith and that there is an "extraordinarily pressing need for immediate equitable relief." *Stroman Realty, Inc. v. Martinez,* 505 F. 3d 658, 664 (7th Cir. 2007) (discussing exceptional circumstances that would require federal intervention); *Crenshaw v. Supreme Court of Indiana,* 170 F. 3d 725, 729 (7th Cir. 1999) (finding that the plaintiff "must present more than mere allegations and conclusions" to establish her entitlement to a *Younger* doctrine exception). Plaintiff Corey therefore has failed to sufficiently demonstrate circumstances warranting involvement by this Court in his state court criminal proceedings. For these reasons, the Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**. (Doc. 15).

### MOTION TO ADD DEFENDANTS AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

An amended complaint supersedes and replaces the original complaint, rendering it void.

*See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). As such, the amended complaint must be a single document that stands on its own without reference to any other pleading, and it must include all claims against all defendants and requested relief. It is for these reasons that the Court does not accept piecemeal amendments to the original Complaint. Furthermore, any group pleading, such as a proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each Plaintiff. FED. R. CIV. P. 11.

There are several issues with Plaintiff Corey's Motion to Add Defendants and Motion for Leave to File Amended Complaint. (Doc. 12, 16). First, as mentioned, Plaintiff Corey cannot amend the Complaint in a piecemeal fashion seeking only to add parties, as he attempts to do in the Motion to Add Defendants. (Doc. 12). Second, the proposed amended complaint (*see* Doc. 16-1) does not list Plaintiff Taylor as a party. Because the proposed amended complaint would replace the original Complaint if accepted, Plaintiff Taylor and his claims would be automatically dismissed from this lawsuit. As Plaintiff Taylor has not expressed his wish to voluntarily dismiss himself and his claims, the Court presumes this was not Plaintiffs' intention.

And finally, both Motions are only signed by Plaintiff Corey. As a non-attorney, Plaintiff Corey cannot file or sign papers for another litigant, and as long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11 ("[e]very pleading, written motion, and other paper must be signed…by a party personally if the party is unrepresented"). Because the attempts to amend are not signed by all Plaintiffs, the Clerk of Court is **DIRECTED** to **STRIKE** the Motion to Add Defendants and the Motion for Leave to File Amended Complaint. (Doc. 12, 16). Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with the signature requirement of Federal Rule of Civil Procedure 11 will also be stricken.

### DISPOSITION

For the reasons stated above, the Motions for Leave to Proceed *in forma pauperis* are **DENIED without prejudice**. (Doc. 2, 10). Plaintiffs are **ORDERED** to pay the full filing fee of $405.00 or *each* refile Motions for Leave to Proceed *in forma pauperis* on or before **April 30, 2026.** Plaintiffs are further **ORDERED** to **SHOW CAUSE** in writing on or before **April 30, 2026**, why this case should not be dismissed for failure to disclose financial information when seeking leave to proceed IFP. 28 U.S.C. §1915(e)(2). Failure to satisfy the filing fee requirements *and* respond to the order to show cause may result in dismissal of this case for failure to comply with orders of this Court and for failure to prosecute. FED. R. CIV. P. 41(b).

The Motion to Add Defendants and the Motion for Leave to File Amended Complaint are **STRICKEN**. (Doc. 12, 16).

The Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**. (Doc. 15).

The Motion for Status is **GRANTED** in light of this Order. (Doc. 14).

**IT IS SO ORDERED.**

**DATED: April 9, 2026**

   s/Stephen P. McGlynn
**STEPHEN P. MCGLYNN**
**United States District Judge**